UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EMMETT HUNTER, JR.,

    Plaintiff,

v.                           CASE NO: 8:12-cv-1247-T-33AEP

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

    Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiff Emmett Hunter, Jr.'s Unopposed Motion for Award of Attorney's Fees Pursuant to Equal Access to Justice Act 28 U.S.C. § 2412 (Doc. # 23), filed on February 27, 2013. Plaintiff is seeking an award of $4,058.39 in attorney's fees. For the reasons that follow, the Court grants the motion.

**A. Eligibility for Award of Fees**

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, requires an award of attorney's fees and costs to any party prevailing in litigation against the United States, including proceedings for judicial review of Social Security Administration Agency action, unless the Court determines that the position of the United States was substantially justified or that special circumstances exist and make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

Under the EAJA, a party may recover an award of attorney's fees against the government provided the party meets five requirements: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed; (3) the claimant had a net worth of less than $2 million at the time the complaint was filed; (4) the position of the government was not substantially justified; and (5) there are no special circumstances which would make an award unjust. See 28 U.S.C. § 2412(d)(1) and (2).

### 1. Prevailing Party

The Judgment in this case reversed the final decision of the Commissioner and remanded the case for further consideration pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g). (Doc. # 20). "[A] party who wins a sentence-four remand order is a prevailing party." Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Thus, Plaintiff qualifies as the prevailing party in this action.

### 2. Timely Application

The EAJA requires a prevailing party to file an application for attorney's fees within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). Judgment

-2-

was entered in this case on February 1, 2013 (Doc. # 20), and Plaintiff's motion was filed on February 27, 2013 (Doc. # 23). Thus, it is found to be timely filed.

### 3. **Claimant's Net Worth**

In his sworn affidavit (Doc. # 25 at ¶ 2), Plaintiff affirms that his net worth was less than $2 million at the time this action was filed, and the Commissioner does not contest this assertion. Accordingly, the Court finds this requirement to be satisfied.

### 4. **Lack of Substantial Justification**

The burden of proving substantial justification is on the government. Stratton v. Bowen, 827 F.2d 1447, 1450 (11th Cir. 1987). "Therefore, unless the Commissioner comes forth and satisfies his burden, the government's position will be deemed not substantially justified." Kimble ex rel. A.G.K. v. Astrue, No. 6:11-cv-1063, 2012 WL 5877547, at *1 (M.D. Fla. Nov. 20, 2012). In this case, the Commissioner does not dispute the issue of substantial justification. Indeed, the Commissioner moved for the remand of this case and, further, does not oppose the instant motion. Thus, the Court finds that the government's position was not substantially justified.

### 5. **No Special Circumstances**

Finally, the Commissioner has not made a claim that any

-3-

special circumstances exist that countenance against the awarding of fees, and the Court is likewise unaware of the existence of any such circumstances. Accordingly, the Court determines that there are no special circumstances which would make an award of fees unjust, in satisfaction of this final factor.

**B.   Amount of Fees**

Having determined Plaintiff is eligible for an award of fees under the EAJA, the Court now turns to the reasonableness of the amount of fees sought. Plaintiff requests an award of $4,058.39 in attorney's fees, representing 20.9 hours at an hourly rate of $183.61 for work performed in 2012 and 1.2 hours at an hourly rate of $184.12 for work performed in 2013. (Doc. # 23 at 1).

The amount of attorney's fees to be awarded "shall be based upon the prevailing market rates for the kind and quality of the service furnished," except that attorney's fees shall not exceed $125 per hour *unless* the Court determines an increase in the cost of living or a "special factor" justifies a higher fee award. 28 U.S.C. § 2412(d)(2)(A).

The Court accepts Plaintiff's contention that a statutory cost of living adjustment in the hourly rate is appropriate given that the relevant provision of the EAJA took effect in

-4-

1996. Plaintiff proposes an hourly rate of $183.61 for 2012 and $184.12 for 2013, and the Commissioner does not oppose Plaintiff's proposed hourly rates.  Thus, the Court will adopt them.

Plaintiff seeks an award based on a total of 22.1 hours of attorney time.  The Court believes 22.1 hours of attorney time is reasonable in this case.  Therefore, the Court finds $4,058.39 ($183.61 x 20.9 hours plus $184.12 x 1.2 hours) is a reasonable fee in this case.

C.   **Payment of Fees**

The Supreme Court established in Astrue v. Ratliff, 130 S.Ct. 2521 (2010), that EAJA payments may be made directly to a plaintiff's attorney only in cases in which the plaintiff does not owe a debt to the government and the plaintiff has assigned the right to EAJA fees to his or her attorney. Accordingly, Plaintiff does not request payment of the EAJA fees directly to his counsel at this juncture but instead posits that after the Court grants Plaintiff's motion for attorney's fees, the Commissioner will determine whether Plaintiff owes a debt to the government. (Doc. # 23 at 2). If Plaintiff does not owe any such debt, Plaintiff requests that the Commissioner accept Plaintiff's assignment of EAJA fees (Doc. # 25 at ¶ 3) and pay the fees directly to Plaintiff's

counsel. As such, the Court will leave to the parties the determination of to whom the fees shall be paid.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff's Unopposed Motion for Award of Attorney's Fees Pursuant to Equal Access to Justice Act 28 U.S.C. § 2412 (Doc. # 23) is **GRANTED** in the amount of $4,058.39.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>28th</u> day of February, 2013.

                                    _____
                                    VIRGINIA M. HERNANDEZ COVINGTON
                                    UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record